IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PEOPLES, JR., H-63933, | ) |
| Plaintiff(s), | ) No. C 12-1281 CRB (PR) |
| | ) |
| v. | ) ORDER GRANTING |
| | ) DEFENDANTS' MOTION FOR |
| MATTHEW CATE, et al., | ) SUMMARY JUDGMENT AND |
| | ) DISMISSAL WITH PARTIAL |
| Defendant(s). | ) LEAVE TO AMEND |
| | ) |
| _____ | ) (Docket #81) |

I.

Plaintiff, a prisoner at High Desert State Prison and frequent filer in federal court, filed this pro se action for damages under 42 U.S.C. § 1983 alleging that, while he was at Salinas Valley State Prison (SVSP), various California Department of Corrections and Rehabilitation (CDCR) and SVSP officials retaliated against him for filing grievances by, among other things, using excessive force against him, refusing to act on his grievances and appeals, and depriving him of necessary medical care.

The court screened the complaint pursuant to 28 U.S.C. § 1915A and found that, liberally construed, plaintiff's allegations appear to state cognizable retaliation claims under § 1983 against the named defendants and ordered the United States Marshal to serve them.

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b) on the ground that plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the Prison Litigation Reform Act (PLRA), and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim for retaliation against any of the named defendants.  The court granted the motion with partial leave to amend, but after the Ninth Circuit's ruling in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), which held that failure to exhaust ordinarily should be raised in a motion for summary judgment, the court vacated its order and directed defendants to file a renewed motion in accordance with Albino.

Defendants Carrasco, Cermeno, Machuca, Munn, Rodriguez, Mojica and Cate now move for summary judgment under Federal Rule of Civil Procedure 56 on the ground that plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the PLRA.  They and defendant Dr. Mack also move for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim for retaliation against any of the named defendants and that plaintiff's claim against defendants Carrasco, Cermeno and Machuca is barred under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994).  After being advised of what is required of him to oppose defendants' motion, plaintiff filed an opposition and defendants filed a reply.[1]

## II.

Plaintiff's retaliation claims stem from an inmate grievance he filed on April 13, 2011 alleging that defendants Carrasco and Cermeno denied him toilet

_____

[1]Plaintiff also filed several requests for permission to respond to defendants' reply.  The requests are denied.  But the court notes that it reviewed plaintiff's proposed responses and they make no difference in the disposition of defendants' motion.

paper, particular food servings, laundry and a proper mattress.  Plaintiff alleges that various incidents that took place after he filed the grievance on April 13, 2011 were in retaliation for his filing the grievance.

First, plaintiff alleges that on May 5, 2011 defendants Carrasco, Cermeno and Machuca came to his cell to interview him regarding the April 13, 2011 grievance, but instead assaulted him.  He alleges that they kicked, kneed and punched him in retaliation for his filing the April 13, 2011 inmate grievance. Plaintiff also alleges that defendant Cate, the former CDCR secretary, was placed on notice of the May 5, 2011 retaliatory assault and failed to take action.

Plaintiff further alleges that defendant Machuca retaliated against him for filing the April 13, 2011 inmate grievance by failing to mention the May 5, 2011 assault in his report of his interview of plaintiff regarding the toilet paper, food, laundry and mattress issues in the April 13, 2011 inmate grievance.  Plaintiff also alleges that appeals-examiner defendant Mojica retaliated against him for filing the April 13, 2011 inmate grievance by refusing to act on and process his grievance related to the May 5, 2011 assault.

Plaintiff finally alleges that defendant Dr. Mack and defendants Munn and Rodriguez retaliated against him for filing the April 13, 2011 inmate grievance by denying him medical care after the May 5, 2011 assault and by trying to conceal evidence that correctional officers assaulted him on May 5, 2011.

III.

"The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983."  Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citing Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  To the extent that the evidence in the record permits, the appropriate procedural device for

pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56. Id. at 1168. The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. Id. at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Id. The ultimate burden of proof remains with the defendant, however. Id.

If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. Id. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id.

IV.

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison

4

life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

CDCR provides any inmate or parolee under its jurisdiction the right to appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To initiate an appeal, the inmate or parolee must submit a CDCR Form 602 describing the issue to be appealed to the appeals coordinator's office at the institution or parole region for receipt and processing. Id. § 3084.2(a) - (c). The appeal must name "all staff member(s) involved" and "describe their involvement in the issue." Id. § 3084.2(a)(3). CDCR's appeal process consists of three formal levels of appeals: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee. Id. §§ 3084.7, 3084.8. A prisoner exhausts the appeal process when he completes the third level of review. Id. § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010). A "cancellation or rejection" of an appeal "does not exhaust administrative remedies." Cal. Code Regs. tit. 15, § 3084.1(b).

Defendants properly raise failure to exhaust in a Rule 56 motion for summary judgment and argue that plaintiff failed to properly exhaust available administrative remedies as to most of his retaliation claims before filing suit.

Defendants specifically argue that plaintiff did not file a grievance in a manner that complied with the California Code of Regulations for his claims against defendants Carrasco, Cermeno, Machuca, Munn, Rodriguez, Mojica or Cate, nor rectified his defective attempts to file a grievance against these defendants. By contrast, defendants concede that plaintiff properly exhausted his claim against defendant Dr. Mack via CDCR's Healthcare Appeals process.

In support, defendants submit evidence showing that from March 2011 thru May 2012, plaintiff attempted to submit 23 inmate grievances related to a variety of issues. Mojica Decl. (dkt. #81-4) at 4. Only eight of these 23 grievances were properly submitted and accepted by the Appeals Office at SVSP for first and second level review. Id. But these eight grievances did not concern plaintiff's claim of retaliatory assault by defendants Carrasco, Cermeno and Machuca on May 5, 2011. Id. at 3-4, 8-9. Nor did these grievances concern: (1) defendant Cate's purported knowledge of the alleged May 5, 2011 retaliatory assault and alleged failure to act; (2) defendant Machuca's alleged retaliatory failure to mention the May 5, 2011 assault on his report of plaintiff's April 31, 2011 grievance; (3) defendant Mojica's alleged retaliatory refusal to process plaintiff's grievance related to the May 5, 2011 assault; or (4) defendants Munn's and Rodriguez's alleged retaliatory attempt to conceal evidence of the May 5, 2011 assault and retaliatory denial of medical care. Id.

The remaining 15 attempts to file grievances were rejected or cancelled for various deficiencies and non-compliance with the California Code of Regulations. Id. at 4. Some of these grievances were rejected or cancelled because they were not submitted on the proper CDCR forms as required by regulation, were duplicates of other pending grievances, were in excess of the number of non-emergency grievances an inmate can submit during a certain

6

period of time, or were otherwise non-compliant with the procedural requirements of the California Code of Regulations.  Id.; see Cal. Code Regs. tit. 15, §§ 3084 - 3084.8.  Plaintiff never properly corrected any of these rejected or cancelled grievances.  Mojica Decl. at 4-8.

In sum, defendants show that no grievances concerning plaintiff's retaliation claims against defendants Carrasco, Cermeno, Machuca, Cate, Mojica, Munn or Rodriguez in this lawsuit were filed and properly exhausted thru the first, second and third levels of review.  Id. at 8; Lozano Decl. (dkt. #81-2) at 4-5.

The evidence submitted by defendants meets their burden of showing that there was an available administrative remedy that plaintiff failed to exhaust in connection with his retaliation claims against defendants Carrasco, Cermeno, Machuca, Cate, Mojica, Munn and Rodriguez.  See Albino, 747 F.3d at 1172. The burden now shifts to plaintiff to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.  See id.

Under the law of the circuit, evidence of actions by prison officials preventing proper exhaustion meet plaintiff's burden of production because, if true, such actions would make administrative remedies effectively unavailable. See Williams v. Paramo, No. 13-56004, 2015 WL 74144, at *7 (9th Cir. Jan. 7, 2015).  So would improper screening of a prisoner's administrative grievances. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  But to fall within this exception, the prisoner must show "that he attempted to exhaust his administrative remedies but was thwarted by improper screening."  Id.  He must show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his

7

grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id.

### A.

Plaintiff claims he exhausted available administrative remedies before filing suit against defendants Carrasco, Cermeno and Machuca, and that defendants have not met their ultimate burden of proving that he did not.  Not so.

The evidence in the record shows that plaintiff did not properly submit and exhaust an administrative grievance regarding his retaliation claims against defendants Carrasco, Cermeno and Machuca.  See Mojica Decl. at 8-9; Lozano Decl. at 4-5.  Plaintiff apparently attempted to grieve his claims against defendants Carrasco, Cermeno and Machuca by submitting a letter to the Office of Internal Affairs (OIA) regarding the alleged May 5, 2011 assault.  See Mojica Decl. at 4-5 & Ex. B.  But the letter (assigned log number SVSP-L-11-01639) was properly rejected and screened out because it did not comport with the requirements of the California Code of Regulations.  Specifically, it was not submitted on the proper department form (CDCR Form 602) and was not submitted directly to the prison's appeals coordinator.  See id. at 4-5.  And despite being informed in the rejection letter that he could resubmit his grievance on a CDCR Form 602 directly to the appeals coordinator, plaintiff did not do so. See id. at 5-6 & Ex. B.

Plaintiff 's conclusory claim that defendants' evidence is comprised of "fraudulent CDCR business records," Sept. 17, 2014 Opp'n (dkt. #93) at 6, is not enough to rebut defendants' showing that plaintiff did not properly exhaust available administrative remedies in connection with his retaliation claims against defendants Carrasco, Cermeno and Machuca by using all steps of CDCR's administrative process and complying with its "deadlines and other critical

procedural rules." <u>Woodford</u>, 548 U.S. at 90.[2]  The court is satisfied that defendants Carrasco, Cermano and Machuca have met their ultimate burden of proving failure to properly exhaust by setting forth uncontroverted evidence that plaintiff failed to follow prison procedures when he submitted his letter to the OIA.  <u>See</u> <u>Williams</u>, 2015 WL 74144, at *7 (noting that evidence of failure to follow prison procedures may be sufficient for summary judgment for failure to properly exhaust).

B.

Plaintiff's recent opposition papers do not specifically address defendants' claim that plaintiff failed to properly exhaust available administrative remedies in connection with his retaliation claims against defendants Munn and Rodriguez. But in his initial opposition papers, plaintiff argued that he had properly exhausted available administrative remedies before filing suit against defendants Munn and Rodriguez because his grievances concerning them were improperly rejected or cancelled despite being "filed on the appropriate [forms]."  Sept. 4, 2013 Opp'n (dkt. #58) at 53.  Plaintiff's exhaustion claim is without merit.

The evidence in the record shows that plaintiff attempted to grieve his retaliation claims against defendants Munn and Rodriguez by submitting two separate notices to the OIA alleging that he was subjected to an excessive use of force that was not reported by the correctional officers.  <u>See</u> Mojica Decl. at 5-7

---

[2]Plaintiff alleges that on May 5, 2011, the day he allegedly was assaulted by defendants Carrasco, Cermano and Machuca, he submitted a grievance regarding these defendants "hitting, kicking, and kneeing" him that was "never returned."  Sept. 17, 2014 Pl. Decl. (dkt. #94) at 3.  But even if true, this was not enough to exhaust plaintiff's claim that these defendants' actions were in retaliation for plaintiff having filed a grievance.  <u>See</u> <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1120 (9th Cir. 2009) (inmate grievance suffices only if it alerts prison officials to the nature of the wrong for which the inmate seeks redress).

9

& Exs. C & D.  But the notices were properly rejected or cancelled because they did not comport with the requirements of the California Code of Regulations. The first (assigned log number SVSP-L-12-00584) was rejected and screened out on February 28, 2012 because plaintiff did not submit it on the appropriate CDCR Form 602 or provide sufficient facts.  See id. at 6-7 & Ex. D.  The second (assigned log number SVSP-L-12-01042) was cancelled and screened out on March 23, 2012 because it was a duplicate of a previous appeal where a decision was already rendered or pending, and because it was not submitted on the appropriate CDCR Form 602.  See id. at 5-6 & Ex. C.  In both instances, plaintiff was given instructions on how to properly resubmit the notices, but plaintiff never did so.  See id. at 5-7 & Exs. C & D.

Plaintiff 's conclusory claim that defendants' evidence is comprised of "fraudulent CDCR business records," Sept. 17, 2014 Opp'n at 6, is not enough to rebut defendants' showing that plaintiff did not properly exhaust available administrative remedies in connection with his retaliation claims against defendants Munn and Rodriguez by using all steps of CDCR's administrative process and complying with its "deadlines and other critical procedural rules." Woodford, 548 U.S. at 90.  Nor is plaintiff's claim that he attempted to exhaust his administrative remedies but was thwarted by improper screening.  Even if plaintiff's notices to the OIA were on the appropriate forms, as plaintiff claims, the record shows that the notices were properly screened out on other legitimate grounds.  See Sapp, 623 F.3d at 823.  The court is satisfied that defendants Munn and Rodriguez have met their ultimate burden of proving failure to properly exhaust by setting forth uncontroverted evidence that plaintiff failed to follow prison procedures when he submitted his two separate notices to the OIA.  See Williams, 2015 WL 74144, at *7 (noting that evidence of failure to follow prison

procedures may be sufficient for summary judgment for failure to properly exhaust).

C.

Plaintiff's recent opposition papers do not specifically address defendants' claim that plaintiff failed to properly exhaust available administrative remedies in connection with his retaliation claim against defendant Mojica.  But in his initial opposition papers, plaintiff appears to concede that he did not exhaust as to defendant Mojica by arguing that he should not have had to separately appeal his claims against Mojica because Mojica was "thoroughly placed on administrative notice that he would be sued."  Sept. 4, 2013 Opp'n at 55-56.  Plaintiff's exhaustion claim is without merit.

The evidence in the record shows that plaintiff may have attempted to grieve his retaliation claim against defendant Mojica by attempting to appeal the rejection and screen out of the letter he submitted to OIA regarding the alleged May 5, 2011 assault (i.e., SVSP-L-11-01639).  But that attempt (assigned log number SVSP-L-11-2270) was properly cancelled on October 11, 2011 because it was untimely and improper (rejections may be resubmitted, but not appealed).  See Mojica Decl. at 7-8 & Ex. E.  And although plaintiff was informed how to proceed, he took no further action.  See id. at 7.

Plaintiff 's conclusory claim that defendants' evidence is comprised of "fraudulent CDCR business records," Sept. 17, 2014 Opp'n at 6, is not enough to rebut defendants' showing that plaintiff did not properly exhaust available administrative remedies in connection with his retaliation claim against defendant Mojica by using all steps of CDCR's administrative process and complying with its "deadlines and other critical procedural rules."  Woodford, 548 U.S. at 90.  Nor is plaintiff's claim that defendant Mojica had sufficient notice that he/she

would be sued.  The Supreme Court has made clear that proper exhaustion requires compliance with prison deadlines and procedures.  Id. at 90-91.  The court is satisfied that defendant Mojica has met his/her ultimate burden of proving failure to properly exhaust by setting forth uncontroverted evidence that plaintiff failed to comply with prison deadlines and procedures when he attempted to appeal the rejection and screen out of the letter he submitted to OIA regarding the alleged May 5, 2011 assault.  See Williams, 2015 WL 74144, at *7 (noting that evidence of failure to follow prison deadlines and procedures may be sufficient for summary judgment for failure to properly exhaust).

D.

Plaintiff's recent opposition papers do not specifically address defendants' claim that plaintiff failed to properly exhaust available administrative remedies in connection with his claim against defendant Cate.  But in his earlier opposition papers, plaintiff argued that he exhausted available administrative remedies against defendant Cate because in two unspecified grievances he named Cate "as an individual to be notified to take investigative action."  Sept. 4, 2013 Opp'n  at 57.  But plaintiff offers no evidence that either of these two grievances alerted prison officials that defendant Cate was in any way responsible for the retaliatory acts of which plaintiff complains or that Cate failed to take action after he was put on notice of the retaliatory acts.  Plaintiff instead appears to concede that he did not exhaust as to Cate because it was appeals coordinator Mojica's "resposibility . . . to notify" Cate of plaintiff's grievance.  Id.  Plaintiff's exhaustion claim is without merit.

Plaintiff has not met his burden of rebutting defendants' showing of nonexhaustion by presenting evidence that something in connection with his claim against defendant Cate made the existing and generally available

12

administrative remedies effectively unavailable to him.  See Albino, 747 F.3d at

1172.  Under the circumstances, the court is satisfied that defendant Cate has met

his ultimate burden of proving failure to properly exhaust available

administrative remedies as to plaintiff's claim against him.  See id.

In sum, defendants are entitled to summary judgment on failure to

properly exhaust grounds on plaintiff's retaliation claims against defendants

Carrasco, Cermeno, Machuca, Munn, Rodriguez, Mojica and Cate.  Defendants

have satisfied their burden of proving failure to properly exhaust available

administrative remedies under Albino as to plaintiff's claims against defendants

Carrasco, Cermeno, Machuca, Munn, Rodriguez, Mojica and Cate.

V.

Defendants move for dismissal under Rule 12(b)(6) on the grounds that

the complaint fails to state a First Amendment retaliation claim against any of the

named defendants and that plaintiff's claim against defendants Carrasco,

Machuca and Cermeno is barred under the rationale of Heck v. Humphrey, 512

U.S. 477 (1994).  The court need not address defendants' Rule 12(b)(6) motion as

to any defendant other than Dr. Mack as all claims against all defendants other

than Dr. Mack are being dismissed for failure to properly exhaust CDCR's

administrative remedies.

Dismissal under Rule 12(b)(6) is proper where the complaint fails to "state

a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding

a motion to dismiss under Rule 12(b)(6), the court must accept as true all material

allegations in the complaint, but it need not accept as true "legal conclusions cast

in the form of factual allegations if those conclusions cannot be reasonably drawn

from the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55

(9th Cir. 1994).  Review is limited to the contents of the complaint, including

13

documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested.  Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  The court may also take judicial notice of facts that are not subject to reasonable dispute.  Id.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  A prisoner suing prison officials under § 1983 for retaliation need not establish the five elements of a retaliation claim in his complaint, but he must allege sufficient facts to indicate and/or infer that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline.  See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).  Plaintiff falls short in his conclusory allegations that Dr. Mack retaliated against him for filing the April 13, 2011 inmate grievance by trying to "conceal evidence of excessive force" used on him on May 5, 2011 and by denying him medical care after the May 5, 2011 assault.  Compl. (dkt. #1-1) at 16, 17 & 19.  Plaintiff's retaliation claim against Dr. Mack accordingly will be dismissed with leave to amend to state a First Amendment retaliation claim as indicated above, if possible.

## VI.

For the foregoing reasons, defendants' motion for summary judgment and dismissal (docket #81) is GRANTED WITH PARTIAL LEAVE TO AMEND.

14

Plaintiff may amend with respect to his retaliation claim against Dr. Mack, as indicated above, within 28 days of this order. Plaintiff also may amend to allege a separate claim of denial of medical care against Dr. Mack because defendants concede that such a claim was properly exhausted. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

All claims against all defendants other than Dr. Mack are dismissed without prejudice to refiling in a new action after properly exhausting CDCR's administrative remedies.

SO ORDERED.

DATED: February 2, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Peoples, T.12-1281.msj-mtd.wpd

15